BENEDICT GERULAITIS & others *vs.* COMMONWEALTH.

Worcester. September 27, 1938. — October 26, 1938.

Present: FIELD, C.J., DONAHUE, QUA, & COX, JJ.

*Practice, Civil,* Petition for assessment of land damages, Requests, rulings and instructions. *Pleading, Civil,* Petition. *Evidence,* Admissions.

       *Klem* v. *Commonwealth, ante,* 340, followed.

PETITION, filed in the Superior Court on July 14, 1936, and afterwards amended.

A verdict for the respondent was returned before *Baker,* J. The petitioners alleged exceptions.

The case was submitted on briefs.

*F. Hurley,* for the petitioners.

*P. A. Dever,* Attorney General, *J. S. Derham & J. J. Kelleher,* Assistant Attorneys General, for the Commonwealth.

Cox, J. This is a petition for the assessment of damages for an alleged diversion of water from a well and brook, located on the land of the petitioners Gerulaitis. There was no taking of the land as such, but it is contended that the diversion of water was caused by the construction of a tunnel by the metropolitan district water supply commission for the purpose of securing additional water supply for the metropolitan water system as provided by St. 1927, c. 321. The facts in the case are similar to those in the case of *Klem* v. *Commonwealth, ante,* 340,

except that in the case at bar, the land of the petitioners Gerulaitis was approximately one and one half miles distant from the tunnel. Upon motion of the petitioners Gerulaitis, the mortgagees named in the mortgages of the premises were joined as petitioners. See G. L. (Ter. Ed.) c. 79, §§ 32, 33. St. 1927, c. 321, § 4, provides, in part, that all takings under this act of property or rights in property, and all proceedings in relation to, or growing out of, such takings, shall conform to the provisions of c. 79 of the General Laws (now G. L. [Ter. Ed.] c. 79), except in certain particulars not here material. The petitioners' exceptions are to the refusal of the judge to give certain requests for rulings. These requests, in the main, seek to raise the question that the construction of the tunnel with fixed openings was unauthorized, and that St. 1926, c. 375, and St. 1927, c. 321, did not permit the taking of water by percolation. As pointed out in the case of *Klem* v. *Commonwealth*, the petitioners, by the allegations in their petition, have admitted for the purposes of this proceeding that the injury suffered was caused by duly authorized acts of the commission. The requests which seek to take the case out of the class of cases in which damages are assessed under the statute were not applicable and there was no error in the refusal to give them. *Klem* v. *Commonwealth*, *ante*, 340. The remaining requests were in substance that, if the petitioners had a right to the water and it was diverted by means of the tunnel as a result of percolation, they would be entitled to recover. These were adequately dealt with by the trial judge, who instructed the jury that the rights of the petitioners depended upon whether there had been any diversion of water from "any of the land into this tunnel," and that it was for the jury to determine whether there had been any diversion as a result of the construction of the tunnel, and, if there had been, then what were the petitioners' damages.

*Exceptions overruled.*